**RICKS et al. v. JAMBERS.** (No. 8105.)

Court of Civil Appeals of Texas. San Antonio. Jan. 2, 1929.

Rehearing Denied Feb. 13, 1929.

R. R. Smith, of Jourdanton, and W. H. Blanton, of Floresville, for appellants.

Newton & Woods, of San Antonio, and C. S. Slatton, of Jourdanton, for appellee.

COBBS, J. Appellants sued appellee for the cancellation of four promissory notes executed and delivered by L. Annie Ricks to her coplaintiff, S. E. Ricks, on September 16, 1924, and due respectively September 1, 1925, 1926, 1927, and 1928, each of said notes being secured by a vendor's lien on a portion of original lot 252 in the town of Pleasanton, Atascosa county, Texas, retained in a general warranty deed from the plaintiffs S. E. Ricks and Johnie Belle Ricks to L. Annie Ricks of even date with said deed, and which four notes they alleged had been transferred to the defendant George T. Jambers. Said petition also sought to recover damages for the plaintiff S. E. Ricks against the defendant, Jambers, for his alleged breach of a sand pit contract between plaintiff S. E. Ricks and defendant, Jambers.

The trial court sustained special exceptions to the original and amended petitions as to the misjoinder of parties and causes of action, and the cause went to trial upon the plaintiffs' second amended original petition and the defendant's fourth amended original answer.

The plaintiffs by their pleadings sought the following relief:

First. Cancellation of the deed from S. E. Ricks and Johnie Belle Ricks to L. Annie Ricks and that the vendor's lien retained in said deed be declared void.

Second. That the four vendor's lien notes, being notes Nos. 1, 2, 3, and 4, executed and delivered by L. Annie Ricks to S. E. Ricks and now held by defendant, Jambers, be canceled and annulled, and for possession of said four notes.

Third. That said two vendor's lien notes, being Nos. 5 and 6, which the plaintiffs tendered into court, be also canceled and annulled.

Fourth. That the plaintiff S. E. Ricks recover of the defendant, Jambers, a personal judgment for $2,000 paid by said Ricks to the Frost National Bank upon a note for $10,000 payable to said bank and executed and delivered to said bank by the plaintiff S. E. Ricks and by the defendant, Jambers, and for $2,000 alleged to be due plaintiff S. E. Ricks by defendant, Jambers, for the services of said Ricks in securing a switch contract with the S. A. U. & G. R. R. Company for the building of a switch from the main line of said railroad onto the land of said S. E. Ricks.

The defendant answered by general demurrer, special exceptions, and general denial.

The defendant by cross-action, plea in reconvention, and plea for affirmative relief sought the following relief:

First. A judgment against the plaintiffs L. Annie Ricks and S. E. Ricks for $8,000 on said four vendor's lien notes Nos. 1, 2, 3, and 4, interest and attorney's fees, and foreclosure of the vendor's lien retained in the deed from plaintiffs S. E. Ricks and Johnie Belle Ricks to L. Annie Ricks, for order of sale, and for possession of the deed from plaintiffs S. E. Ricks and Johnie Belle Ricks to plaintiff L. Annie Ricks.

Second. A personal judgment against the plaintiff S. E. Ricks for $119.04 for interest.

He also sought alternative relief.

The plaintiff S. E. Ricks in his evidence contended that: "The deed from S. E. Ricks and Johnie Belle Ricks to L. Annie Ricks was a pretended conveyance. That S. E. Ricks delivered the vendor's lien notes to defendant, Jambers, for the purpose of securing a loan thereon for the benefit of defendant, Jambers, and himself. That at the time said deed was executed the property described in the deed was the homestead of plaintiffs S. E. Ricks and Johnie Belle Ricks. That the $10,000.00 secured by S. E. Ricks from the Frost National Bank on the indorsement of defendant Jambers was an advancement by Jambers to S. E. Ricks on royalties on sand out of the sand pit. That S. E. Ricks delivered the $10,000.00 Gunderman & Allen note to Jambers for the purpose of enabling Jambers to borrow money for himself thereon."

At the close of the trial the cause was submitted to the jury on special issues, and the jury found as to said issues. Those special issues and the findings thereon are as follows:

"Special Issue No. 1. Do you find from a preponderance of the evidence that the ten thousand dollars secured from the Frost National Bank was an advancement by the defendant Geo. T. Jambers to the plaintiff S. E. Ricks on the sand pit contract to be paid in royalties from sand at the rate of Two Thou-

sand Dollars per year for five years? Answer 'Yes' or 'No.'

"We, the jury, answer: 'No.'

"Special Issue No. 2. Do you find from a preponderance of the evidence that the plaintiff S. E. Ricks delivered or caused to be delivered to the defendant, Geo. T. Jambers, the Gunderman & Allen note and lien to enable the said Geo. T. Jambers to borrow money for himself? Answer 'Yes' or 'No.'

"We, the jury, answer: 'No.'

"Special Issue No. 3. Do you find from a preponderance of the evidence that the plaintiff S. E. Ricks delivered or caused to be delivered to the defendant, Geo. T. Jambers, the Gunderman & Allen note and lien to secure the said Geo. T. Jambers on the notes payable to the Frost National Bank? Answer 'Yes' or 'No.'

"We, the jury, answer: 'Yes.'

"Special Issue No. 4. Was the deed described in the pleadings from S. E. Ricks and wife, Johnie Belle Ricks to Mrs. L. Annie Ricks, a pretended conveyance or a genuine conveyance of the property described therein? Answer stating which.

"We, the jury, answer that the deed was a genuine conveyance of said property.

"If you have answered special issue No. 4, that said deed was a genuine conveyance, you need not answer special issue No. 5. If you have answered special issue No. 4 that said deed was a pretended conveyance, then answer this:

"Special Issue No. 5. Did the defendant, Geo. T. Jambers, know at the time he came into possession of the four vendor lien notes, Nos. 1, 2, 3, and 4, described in the pleadings, that said deed from S. E. Ricks and wife, Johnie Belle Ricks, to L. Annie Ricks was a pretended conveyance. (If it was a pretended conveyance.) Answer 'Yes' or 'No.'

"We, the jury, answer: ———.

"Special Issue No. 6. Did the plaintiff S. E. Ricks deliver the said four vendor's lien notes Nos. 1, 2, 3 and 4 to the said Geo. T. Jambers for the purpose of securing a loan or as a binding obligation? Answer stating 'for the purpose of securing a loan' or 'a binding obligation.'

"We, the jury, answer: 'As a binding obligation.'

"Special Issue No. 7. Do you find from a preponderance of the evidence that the plaintiffs S. E. Ricks and his wife Johnie Belle Ricks were occupying a portion of the property described in the pleadings and known as the Sam Bell Hotel Property, as their homestead on the 15th day of September, 1924? Answer 'Yes' or 'No.'

"We, the jury, answer: 'No.'"

The court in its special issues submitted to the jury every material and ultimate issue, and their findings are fully sustained by the facts.

The very great complaint of the appellant is that it is the duty of the court to submit, and the rights of the party to have submitted, "that specific issue of fact" appearing in the case; and the court did not submit it. We have looked in vain for any requested issue of fact presented by appellant and denied to him in which the question is particularly saved. Article 2190 of the Revised Civil Statutes clearly provides and demands that "failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission has been requested in writing by the party complaining of the judgment. Upon appeal or writ of error, an issue not submitted and not requested is deemed as found by the court in such manner as to support the judgment if there is evidence to sustain such finding."

It will be observed that we are not permitted to reverse a judgment when the party does not timely submit the issue in writing and have action of the court thereon. Indeed, when that is not done it is deemed an issue that shall be considered found by the court in such manner as to support the judgment. Obviously, however much an appellate court might desire to consider the matter as one of error, we are not permitted to do so.

In examining the issues claimed not to have been submitted we find that the court did not fail to submit the same, when material, to the jury.

This is largely a fact case, in which no reversible errors of law have been committed, and the findings of the jury are supported by the testimony.

We have examined all the propositions, assignments, and points of error alleged committed, and fail to find any cause to reverse this case, and the judgment is accordingly affirmed.